KISTLER, S. J., concurring.
I join the majority's opinion and write separately to note an issue that the state has not argued in this case. In its briefing, the state has not offered a considered argument that we should follow Birchfield v. North Dakota , --- U.S. ----, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016), and hold under the Oregon Constitution that a breath test is categorically permissible as a search incident to arrest for driving under the influence of intoxicants (DUII). See State v. Banks , 364 Or. 332, 340 n. 5, 434 P.3d 361, 366-67 n. 5 (2019) (noting that whether a breath test is permissible as a search incident to arrest for DUII is an open question under Oregon law).
In my view, if a breath test is categorically permissible as a search incident to arrest, then a person arrested for DUII and asked to submit to a breath test will be in the same position as a person faced with a request to *372 permit a search pursuant to a search warrant. There is no arguably valid constitutional basis for refusing to comply with the request. In those circumstances, a person who refuses can be sanctioned for the refusal. See Birchfield , 136 S.Ct. at 2186 (holding that a defendant who refused to comply with a request to take a breath test can be criminally prosecuted for the refusal); United States v. Prescott , 581 F.2d 1343, 1350-51 (9th Cir. 1978) (distinguishing refusals to comply with search warrants from refusals to comply with most warrantless searches). **350 Conversely, when the question whether a search is constitutionally permissible turns on a case-by-case inquiry, as it almost always does when the state relies solely on an exigency as the justification for the search, a person faced with a request for a search reasonably may disagree with an officer's assessment that an exigency requires it. In those circumstances, we should not impose sanctions on a defendant's assertion of his or her constitutional right to refuse to consent.[1] As the majority notes, it may be that counsel or the courts will later conclude that an exigency existed, as defense counsel now concedes in this case. However, that later conclusion does not necessarily mean that the defendant did not have a legitimate basis for asserting his or her right to refuse consent earlier. In the absence of a considered argument that a breath test is categorically permissible as a search incident to arrest, I concur in the majority's opinion.

" '[T]his court has adopted a categorical view under Article I, section 9, that, subject to certain specifically established and limited exceptions, deems warrantless searches to be per se unreasonable.' " State v. Bonilla , 358 Or. 475, 480, 366 P.3d 331 (2015). However, "[a] warrantless search by the police is 'reasonable' under Article I, section 9, when it falls into one or another of the recognized exceptions to the warrant requirement." State v. Weaver , 319 Or. 212, 219, 874 P.2d 1322 (1994).